## EVERHART *et al. v.* EVERHART.

*(Circuit Court, S. D. Mississippi, W. D.* February 10, 1888.)

1. **COURTS—FEDERAL JURISDICTION—ACTION TO ANNUL WILL.**
   A suit to annul a will as a muniment of title, and to restrain the enforcement of a decree admitting it to probate, is in essential particulars a suit in equity, and if by the law obtaining in the state, customary or statutory, such a suit can be maintained in one of its courts, whatever designation that court may bear, it may be maintained by original process in the circuit court of the United States, if the parties are citizens of different states, and the amount in controversy is sufficient to give the circuit court of the United States jurisdiction

2. **SAME.**
   Jurisdiction as to wills, and their probate as such, is neither included nor excepted out of the grant of judicial powers to the courts of the United States. So far as it is *ex parte,* and merely administrative, it is not conferred, and it cannot be exercised by them at all, until in a case at law or in equity its exercise becomes necessary to settle a controversy of which a court of the United States may take cognizance by reason of the citizenship of the parties.

3. **WILLS—VALIDITY AND REQUISITES—MISSISSIPPI STATUTES.**
   By the statutes of the state of Mississippi, a will, to pass title to real estate to the devisee, must be made in writing, and signed by the testator or testatrix, or by some other person in his or her presence, and by his or her express direction, and, if not wholly written and subscribed by the testator or testatrix, it must be attested by two or more credible witnesses, in the presence of the testator or testatrix.

*(Syllabus by the Court.)*

In Equity. On demurrer to bill.
*Frank Johnston* and *Yerger & Yerger,* for complainants.
*Calhoun & Green* and *McCabe & Anderson,* for defendants.

HILL, J. The questions now presented for decision arise upon the demurrer of the defendant to complainants' bill, and, by request of both parties, upon the sufficiency of the proof to establish the will upon the *ex parte* evidence of the subscribing witnesses exhibited with the paper writing purporting to be the will of the decedent, exhibited with the bill. The bill in substance alleges that M. Everhart died in Issaquena county

in this state, possessed and seized of the real estate described in the bill; that he left surviving him no wife or children or descendants; that complainants are his brother and sisters, and heirs at law, and entitled to an undivided interest in the lands of which decedent died seized and possessed, and for the recovery of which they have brought their action of ejectment in this court, which is now pending, they being citizens of the state of Indiana and the defendant a citizen of this state and division of this district, and the value of the land in controversy, of a greater sum than $2,000; that the defendant claims title to said lands under a pretended last will and testament of said M. Everhart, which paper writing claimed to be such last will was presented to the clerk of the chancery court of said county of Issaquena, and upon the *ex parte* sworn statements taken in writing and exhibited with this bill, was admitted to probate by said clerk in common form; that complainants had no notice actual or constructive, of said proceedings had before said clerk. The bill further alleges that said M. Everhart never did sign said paper writing, nor did any one else sign it in his presence, and at his special direction; and further, that he was not at the time said paper writing was prepared of sound and disposing mind and memory, and capable of making a last will and testament; and further avers that said paper writing is not the last will and testament of said M. Everhart, and prays that the same be so declared by the decree of this court, and that the defendant be enjoined from setting the same up as a muniment of title as against the just claims and rights of complainants to their undivided interest in the lands described in the bill. The defendant, who is the sole legatee and distributee under the will, except the nominal sum of one dollar given to each of the complainants, by his demurrer admits the facts stated in the bill as true, but insists that this court has no jurisdiction to grant the relief prayed for in the bill; that jurisdiction to determine whether the paper writing presented to the clerk of the chancery court of Issaquena county, and so admitted to probate by him in common form, is not the will of said M. Everhart, is alone vested in the said chancery court, with the right of appeal as in other cases. That the demurrer is not well taken, aside from the jurisdictional question thus raised, is admitted, consequently the only question that need be considered arising upon the demurrer is as to whether or not this court has jurisdiction to determine whether or not the paper writing so admitted to probate by the clerk of said chancery court is the last will and testament of said decedent, and conveys to the defendant the title to the lands described therein as against the title of complainants to an undivided interest in said lands as the heirs at law of decedent, and to enjoin defendant from setting up said paper writing as a muniment of title to said lands in said ejectment suit, and as against complainants' rights as heirs at law of said M. Everhart. The power in the owner of real or personal property to dispose of the same by last will and testament, and the mode in which the same may be done, and the proceedings for the establishment of such will, is derived wholly from the statutes of the state. It is well settled that the circuit courts of the United States have no power

to take proof and admit wills to probate, so far as it is *ex parte* and merely administrative, and, if this bill were filed for that purpose, it is clear that this court would be without jurisdiction, and the demurrer should be sustained, and the bill dismissed. It is equally clear that any decree this court can make can only settle the rights of the parties to the suit, and to the property embraced in it. Section 1960, Code 1880, gives to the chancery court of the county in which the testator had a mansion or residence at the time of his death the jurisdiction to admit wills to probate, and by section 1961 provides that when any last will and testament is exhibited to be proved, the court may take the probate thereof, but that any person interested may at any time within two years, by petition or bill, contest the validity of such will, and an issue shall be made up and tried, as other issues, to determine whether the writing produced be the will of the testator or not; but if no party shall appear within two years to contest the will, the probate shall be final, and forever binding, save to infants and persons *non compos mentis*, who have two years to contest the will after the removal of their respective disabilities. Section 1962 provides that any one interested in a will may propound it for probate, and the clerk may issue summons for the attendance of the witnesses. Section 1963 provides that the will must be proven by one of the subscribing witnesses, if alive, and resident in the state, and competent to testify; otherwise the handwriting of the testator and witnesses may be proven. Section 1964 provides that the affidavits of the subscribing witnesses may be substituted for the attendance of the witnesses. Section 1965 provides that the testimony shall be reduced to writing, when, if it shall appear that the will was duly executed, it shall be admitted to probate. Section 1967 provides that any proponent of a will for probate may, in the first instance, make all interested persons parties to his application to probate the will, and in such case all who are made parties shall be concluded by the probate of the will, but at the request of either party to the proceedings an issue shall be made up, and tried by a jury, as to whether the writing propounded be the will of the alleged testator or not. The defendant did not proceed under this last section, and consequently the complainants have the right to contest the will under the provisions of section 1961, and might have filed their petition or bill to set aside the probate in the chancery court of Issaquena county, but, being citizens of another state, have seen proper to file their bill in this court, in aid of their action of ejectment, of which this court has undisputed jurisdiction. The provision made in section 1961 is a special provision made for those desiring to contest a will to probate of which they were not made parties, and not to establish a will, and provides that the same shall be by petition or bill,—as I understand it, sitting as a court of equity proper, and not in the capacity of a probate court; and provides that an issue shall be made, and tried by a jury; but the jury may be waived, and the question tried by the chancellor. I am of opinion that under the rule announced by the supreme court of the United States in the case of *Gaines* v. *Fuentes*, 92 U. S. 18, and *Ellis* v. *Davis*, 109 U. S. 485, 3 Sup. Ct. Rep. 327, that this court has jurisdic-

tion to try and determine the question as to whether or not the paper writing propounded as the will of said M. Everhart, and probated in common form, is the last will of decedent or not. It is held in the last-named case that jurisdiction of wills, and their probate as such, is neither included or excepted out of the grant of judicial power to the courts of the United States; so far as it is *ex parte* and merely administrative it is confined, and cannot be exercised by them at all, until in a case at law or in equity its exercise becomes necessary to settle a controversy of which a court of the United States may take cognizance by reason of the citizenship of the parties. It is also held in the same case that the circuit courts of the United States will take jurisdiction of rights created by the statute of the state, and special remedies given by the statute of the state in which circuit court of the United States is held. This rule is sustained by numerous decisions of the same court, and is not now an open question. The result is that defendant's demurrer must be overruled, with leave to the defendant to answer within 30 days, and. if an issue shall be made, it will be submitted to a jury, as provided in section 1961.

With the purpose of settling the rights of the parties without further litigation, as I suppose, both parties request me to determine whether or not the proof of the subscribing witnesses taken before the clerk of the chancery court of Issaquena county, and upon which the paper writing was admitted to probate by the clerk in common form, is sufficient to establish the validity of the paper writing as the last will and testament of said M. Everhart, so as to vest the title to the lands in controversy in the defendant. The testimony is quite brief, and is in substance as follows: That said M. Everhart requested one of the witnesses to write his will, which he did, as dictated by said Everhart; that when it was written said Everhart attempted to sign it, but from physical debility was unable to do so, but in the attempt made a small mark or scratch on the paper, and failed to do more; that he said he made and published the paper as his last will and testament. The paper writing shows a small mark or scratch on the left-hand corner, but no name attached to it. There are also two small marks or dots on another part of the paper, very dim, and look as though made with the point of a pencil, and not at the usual place for signing such a paper, by the party executing it. The name of M. Everhart only appears in the commencement of the paper, which it is evident was not intended as a signature of the testator. The draughtsman was not requested to sign the testator's name, and the testator's effort to sign the paper himself shows that he did not recognize the signature made in the commencement of the writing by the draughtsman as his signature. The place where made, and the character of the small marks and dots, furnish no evidence that they were made as a substitute for the signature of the testator. It is true that a testator may sign his will by making a mark, but he must intend the mark as a substitute for his name; and when there is no name written, or anything indicating who made the mark, and especially when the mark is made at an unusual place for the signature, it ought to require very satisfac-

tory evidence that the mark was intended by the testator as his signature, or as a substitute for it. As already stated, to make a will valid to pass the title to real estate, under the laws of this state, it must be in writing and signed by the testator, or by some other person in his presence, and by his special direction. This paper writing was not signed by any other person. I am satisfied that the proof exhibited with the paper writing as the proof upon which it was admitted to probate by the clerk of the chancery court, fails to show that the testator intended the marks made by him to be a substitute for his signature, if indeed he knew that he had made them at all. I am satisfied, looking at the face of the paper propounded as the last will of said M. Everhart, and the proof of the subscribing witnesses exhibited with it, that this paper cannot be held a valid will, so as to vest the defendant with the title to the lands described in the bill. But if the defendant desires so to do, he can answer the bill, when an issue will be made up to be tried by a jury upon the evidence produced by both parties; and upon such trial what is here said will have no influence with either court or jury, but the cause will be determined as though these remarks had never been made, or even conceived.