## LANHAM et al. v. HOWELL.

### No. 14014.

United States Court of Appeals Fifth Circuit.

Rehearing Denied April 3, 1953.

Arthar Bruce, Greenwood, Miss., Charles W. Anderson, Atlanta, Ga., for appellant.

Hardy Lott, H. Talbot Odom and Means Johnston, Greenwood, Miss., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellant properly points out that we were in error in stating that the district court passed over the question of jurisdiction. The judge stated orally, "It is doubtful, but I will hold that the court does have jurisdiction".

Appellant earnestly insists that for us to hold the final judgment in the state court conclusive in this court is in conflict with Gaines v. Fuentes, 92 U.S. 10, 23 L.Ed. 524, followed in Everhart v. Everhart, C.C., 34 F. 82. In each of those cases, it was held that a suit to annul a will as a muniment of title and to restrain the enforcement of a decree admitting it to probate might be maintained in the federal courts but that holding was expressly conditioned on the ability to maintain a like suit in the state court. As said in Gaines v. Fuentes, supra, 92 U.S. at pages 20 and 21:

"There are no separate equity courts in Louisiana, and suits for special relief of the nature here sought are not there designated suits in equity. But they are none the less essentially such suits; and *if by the law obtaining in the State,* customary or statutory, *they can be maintained in a State court,* whatever designation that court may bear, we think they may be maintained by original process in a Federal court, where the parties are, on the one side, citizens of Louisiana, and, on the other, citizens of other States. * * *

■ "In the case of Broderick's Will, [88 U.S. 503, 21 Wall. 503, 22 L.Ed. 599] the doctrine is approved, which is established both in England and in this country, that by the general jurisdiction of courts of equity, independent of statutes, a bill will not lie to set aside a will or its probate; and, whatever the cause of the establishment of this doctrine originally, there is ample reason for its maintenance in this country, from the full jurisdiction over the subject of wills vested in the probate courts, and the revisory power over their adjudications in the appellate courts. But that *such jurisdiction may be vested in the State courts of equity by statute is there recognized, and that, when so vested,* the Federal courts, sitting in the States where such statutes exist, will also entertain concurrent jurisdiction in a case between proper parties." (Emphasis ours.)

■ The decision of the Supreme Court of Mississippi would be *res judicata* in any action in the state court and is a barrier against this suit in the federal court. Angel v. Bullington, 330 U.S. 183, 192, 67 S.Ct. 657, 91 L.Ed. 832; Le Blanc v. Southern Production Co., Inc., 5 Cir., 202 F.2d 245. The petition for rehearing is therefore

Denied.