**HOLMES v. DONALD, Collector of Internal Revenue, et al.**

**No. 8002.**

Circuit Court of Appeals, Fifth Circuit.

June 2, 1936.

Herman L. Barnett and Robert B. Todd, both of New Orleans, La., for appellant.

Lester L. Gibson, Sp. Asst. to the Atty. Gen., of Washington, D. C., and R. M. Bourdeaux, U. S. Atty., of Meridian, Miss., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant is one of the sureties on a temporary injunction bond given in the cause below to stay the collection of federal income taxes. Appellees are the collector, the original defendant, and the United States, an intervening defendant, for whose benefit the bond was taken. The judgment appealed from is one in favor of the United States for the amount of the tax finally determined to be due. The defense rejected below was a plea of res judicata; that a decision holding well taken, and sustaining plaintiff's motion to dismiss the collector's motion for summary judgment on the bond, was a bar to a judgment later entered in the same suit in favor of the United States.

This appeal tests whether there was error in not sustaining that plea. This is the record.

On January 6, 1931, an injunction bond for the sum of $50,000, and thus conditioned, was filed in the cause: "Now the condition of the above obligation is, that we, the above bounden William A. Cuevas and Esther Cuevas Herron, Walter O. Cuevas and John T. Holmes will well and truly pay to the said Clerk or his successors in office, for the benefit of any and all persons interested in said suit, so much of the amount of the assessment with penalties and interest, the collection of which is to be stayed by the temporary restraining order, the preliminary injunction or either, as is not abated by a decision of the Board of Tax Appeals which has become final. Provided: That his bond shall remain in full force and effect only in the event the Commissioner shall mail a notice of deficiency in respect of such taxes, penalties and interest within sixty days after the making of said assessment, as provided by Sections 274 (a) and 279 (b) of the Revenue Act of 1926 [44 Stat. 55, 59 (26 U.S.C.A. §§ 272 (a) and note, 273 (b) and note)]."

On April 28, 1933, the Board of Tax Appeals abated all of the deficiency assessment but $11,912.87. On October 31, 1933, Donald, the collector, without answering in the cause, filed a motion in it for summary judgment on the bond for that sum with interest. On November 20, 1933, the temporary injunction was on motion dissolved. On January 17, 1935, appellant's (Holmes') motion to dismiss the collector's motion for judgment on the bond for want of service as to him was overruled. On March 6, 1935, Holmes and the other obligors on the bond moved to dismiss the collector's motion for summary judgment, advancing six grounds: (1) That the motion for judgment set forth insufficient facts; (2) that Donald is not the obligee in the bond, nor does he allege any interest in it; (3) that Donald is no longer collector, and is therefore without interest; (4 and 5) that the bond is a statutory one, suable only for damages and costs shown to have been sustained, and there is no allegation as to these; (6) that the bond cannot be recovered on summarily but only by independent action.

On April 8, 1935, it was decided, without stating the ground, that "the motion to dismiss the motion to enforce the bond be and the same is hereby sustained, and defendant is allowed an exception." No order was entered dismissing the motion. On the contrary, on April 30, Donald, alleging that he was only a nominal defendant, the United States being the real party at interest, applied for and was given leave to answer in the cause. On May 31 Donald filed a full answer pleading the making of the bond, the final determination of the tax deficiency; that, had the bond not been made, the taxes due would have been collected from complainant; that they cannot now be collected; and that therefore defendant should have judgment on the bond. On October 5 the United States, under leave as the real party at interest, filed an answer alleging substantially the same facts and praying for judgment on the bond for the taxes due. Appellant, Holmes, filed a motion to strike these pleadings on the ground that the right to recover on the bond had already been adversely decided; that the order sustaining his motion to dismiss Donald's motion for judgment on the bond was res judicata of and a bar to the right of the United States to recover on the bond. On November 14, 1935, this motion was overruled, and, the matter being no further defended, the judgment appealed from was entered.

As part of the record, the District Judge filed an opinion in which he stated that the order pleaded as a bar was entered, not as a final order disposing on the merits of the right to recover on

the bond, but a mere interlocutory ruling on a motion treated as a motion to strike, entered under the view that the motion for judgment on the bond was prematurely and insufficiently filed.

We think it quite clear that what appellant relies on as a final order was not only not intended to, but that it did not, indeed could not, operate as a bar. In the first place, there was no order of dismissal. There was merely a decision in the form of an order that the motion to dismiss ought to be sustained. The matter went no further than this; it did not go to a judgment of dismissal. A decision sustaining the motion to dismiss but not dismissing, the motion, could not operate as a bar. Reed v. Proprietors, 8 How. 274, 12 L.Ed. 1077; Smith v. McCool, 16 Wall. 560, 21 L.Ed. 324; Société Vinicole De Champagne v. Mumm Champagne & Importation Co. (D.C.) 10 F. Supp. 289, 293.

After rendering his decision that the motion should be sustained because, as shown in his opinion, of prematurity, the District Judge did not dismiss the motion for judgment, but in the same cause and at the same term allowed an amendment in the form of an answer in which the defects in the motion for judgment as first filed pointed out by the motion to dismiss were cured. An order sustaining a motion to dismiss but granting leave to plead further does not, it cannot, operate as a bar to further proceedings in that cause. Appellant is therefore met at the threshold of his claim with the complete answer to it, that the order he pleads in bar is not a final order dismissing or disposing of an action on its merits. It is a mere preliminary order as the result and upon the basis of which further pleading and action in the same cause has been taken. But, if the order relied on could be considered as in effect a dismissal of Donald's motion for summary judgment, this would not constitute a bar to Donald's proceeding by cross-action in the cause in the interest of the United States. Especially would it not constitute a bar to the suit of the United States on its own behalf. Kelliher v. Stone & Webster (C.C.A.) 75 F.(2d) 331; Opelousas-St. Landry Securities Co. v. United States (C.C.A.) 66 F.(2d) 41.

Res judicata is a principle of peace. It operates to prevent the retrial of issues, facts, and actions once tried and determined on their merits. It is not a Procrustean formula to be rigorously and rigidly applied, to give substance to what was merely an appearance of finality, and thus cut off actions and defenses not really, but only apparently, determined. The definite and final decision on its merits of any action, fact, or issue does indeed put that action or issue beyond question in another proceeding between the same parties. Opelousas-St. Landry Securities Co. v. United States, supra; Kelliher v. Stone & Webster, supra; Brooks v. Arkansas-Louisiana Pipe Line Co. (C.C.A.) 77 F.(2d) 965.

"Finality," however, "within the doctrine of res judicata does not attach to every ruling upon law made by a judge upon the decision of a motion. Denny v. Bennett, 128 U.S. 489, 499, 9 S.Ct. 134, 32 L.Ed. 491; Riggs v. Pursell, 74 N.Y. 370, 378; cf. American Surety Co. v. Baldwin, 287 U.S. 156, 166, 53 S.Ct. 98, 77 L.Ed. 231, 86 A.L.R. 298. This is true though the ruling may have been pertinent or even necessary to the conclusion reached. In such circumstances finality will rarely be extended beyond the terms of the order, and applied to the supporting reasons." Hill v. United States ex rel. Wampler, 56 S.Ct. 760, 763, 80 L.Ed. —, decided May 18, 1936. Cf. Bennett v. Denny, 33 Minn. 530, 24 N.W. 193.

Here it plainly appears from the whole record that there was no final order on the merits of Donald's motion, but at best for appellant, merely a preliminary ruling in regard to amendable defects which were amended upon leave; and further that not Donald, but the United States, was the party at interest. It would be an extreme application indeed of a sound principle to hold adjudicated against the United States its cause of action on the bond, when it was not a party to, or to the proceedings in connection with, the summary motion for judgment, and was later allowed, as the real party at interest, to appear on its own behalf and plead and recover in the cause.

We find no error in the judgment. It is affirmed.