## ST. JOHN ET AL. *v.* WISCONSIN EMPLOYMENT RELATIONS BOARD ET AL.

No. 302.   Argued January 9–10, 1951.—Decided February 26, 1951.

*Max Raskin* argued the cause and filed a brief for appellants.

*Malcolm Riley* and *Beatrice Lampert,* Assistant Attorneys General of Wisconsin, argued the cause for the Wisconsin Employment Relations Board et al., appellees.

With *Mr. Riley* on the brief were *Vernon W. Thomson,* Attorney General, *Thomas E. Fairchild,* then Attorney General, and *Stewart G. Honeck,* Deputy Attorney General.

*J. Gilbert Hardgrove* argued the cause for the Milwaukee Gas Light Company, appellee. With him on the brief were *Vernon A. Swanson* and *Arthur W. Fairchild.*

MR. CHIEF JUSTICE VINSON delivered the opinion of the Court.

The parties to this case are the same gas workers' union, many of the same officers of that union, the same gas companies and the Wisconsin Employment Relations Board involved in No. 438, decided this day, *ante,* p. 383. The instant proceeding began when, at the time of the strike described in No. 438, appellant gas workers filed suit in a federal district court against the Wisconsin Employment Relations Board and the gas company for declaratory and injunctive relief to the end that the Wisconsin Public Utility Anti-Strike Law be adjudged invalid for the reasons successfully advanced in No. 438.

The District Court of three judges, convened under 28 U. S. C. § 2281, did not reach the substantive issues, but relied on principles of *res judicata,* holding that a prior state court judgment to which appellants were party conclusively barred them from raising any issues pertaining to the constitutionality of the Wisconsin Act. In that prior state court action, brought to test the statute before any strike had been threatened, appellants sought a declaratory judgment that the Wisconsin Act contravened the State Constitution and the Federal Due Process Clause and was in conflict with federal labor legislation. Except for the question of undue delegation of power under the state constitution, the issues sought to be raised in the state declaratory proceeding were the same as those raised

in No. 438, *ante,* p. 383, and in the instant proceeding. In the prior state court action, the Circuit Court entered judgment against appellants on the merits on all issues. On appeal, the Wisconsin Supreme Court affirmed, but reached the merits only in respect to the delegation-of-power issue. As to the issues common to that case, the instant case and No. 438, the State Supreme Court held that a decision on the constitutional questions presented would be premature in the absence of a concrete factual record, and that courts should not decide constitutional issues in the abstract or as hypothetical questions. *United Gas, Coke & Chemical Workers of America, Local 18, C. I. O.* v. *Wisconsin Employment Relations Board,* 255 Wis. 154, 38 N. W. 2d 692 (1949). Certiorari to that decision was not sought in this Court, appellants contending that such a step would have been futile in view of the adequacy of the state grounds supporting the Wisconsin court's refusal to adjudicate the issues presented.

Following this abortive attempt to secure a final adjudication of the federal questions, there occurred a strike and a state circuit court issued a restraining order, as described in the opinion in No. 438, *ante,* p. 383. In the resulting contempt proceeding, before us in No. 438, appellants attack the validity of the Wisconsin Act, raising the Due Process and Commerce Clause questions. Appellees urged in that case, as they do in this case, that the prior state declaratory judgment proceeding barred appellants' further attack upon the act under the doctrine of *res judicata.* Appellees reason that since the State Circuit Court judgment in the prior action went against appellants on the merits and since the Wisconsin Supreme Court ordered that judgment "affirmed" the judgment barred further attack on the statute by appellants without regard to what the Wisconsin Supreme Court might have said in its opinion. The Federal District Court adopted

this line of reasoning as to *res judicata* and held, one judge dissenting, that appellants are barred from attacking the Wisconsin Public Utility Anti-Strike Law. 90 F. Supp. 347 (1950). The case is properly here on appeal. 28 U. S. C. § 1253.

We need not linger over the propriety of invoking the doctrine of *res judicata* in this type of case, for we have a direct holding of the Wisconsin Supreme Court to show us that the District Court's interpretation of the state law as to *res judicata* in this particular case was erroneous. The State Circuit Court, in the contempt proceedings before this Court in No. 438, adopted the same theory of *res judicata* as did the District Court. That theory was urged upon the Wisconsin Supreme Court on appeal. Yet the highest state court did not hesitate in reaching and deciding on the merits the very issues which the State Circuit Court in that case and the District Court below held could not be raised by appellants. *Wisconsin Employment Relations Board* v. *Milwaukee Gas Light Co.,* 258 Wis. 1, 44 N. W. 2d 547 (1950). This is the decision which we reversed this day in No. 438, *ante,* p. 383. Under such circumstances, justice requires that the judgment of the court below barring appellants from attacking the validity of the Wisconsin Public Utility Anti-Strike Law be vacated.

But there remains the question as to whether appellants are entitled to a federal court judgment restraining enforcement of the Wisconsin Act as prayed. Appellants seek only injunctive and declaratory relief looking to the future. In view of today's decisions in Nos. 329 and 438, *ante,* p. 383, the latter case involving the very parties to this action, "we find no ground for supposing that the intervention of a federal court, in order to secure [appellants'] constitutional rights, will be either necessary or appropriate." *Douglas* v. *Jeannette,* 319 U. S. 157, 165

(1943). For this reason, the judgment below is vacated and the case remanded to the District Court with instructions to dismiss the complaint.

*It is so ordered.*

MR. JUSTICE FRANKFURTER, MR. JUSTICE BURTON, and MR. JUSTICE MINTON agree that the judgment of the State Court was not *res judicata,* but insofar as vacating the judgment below derives from the decisions in Nos. 329 and 438 they dissent for the reasons set forth in their dissenting opinion, *ante,* p. 399.