Elaine M. FOSTER, pro se, Plaintiff,

v.

COLUMBIA GAS TRANSMISION CORPORATION, Defendant.

No. CIV. A. 1:00CV76.

United States District Court, N.D. West Virginia.

Aug. 10, 2000.

Elaine M. Foster, Washington, DC, pro se.

Amy M. Smith, Steptoe & Johnson, Clarksburg, WV, for Defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KEELEY, District Judge.

Plaintiff Elaine M. Foster ["Foster"] filed suit against Columbia Gas Transmission Corporation ["Columbia"], alleging that it violated her right to due process under the Fifth Amendment, and that it deprived her of certain property, based on actions it carried out under West Virginia law. Columbia filed a motion to dismiss the *pro se* complaint based on *res judicata,* the *Rooker–Feldman* doctrine, and the doctrine of laches. Following a review of the parties' arguments and the applicable law, the Court finds that Foster's complaint fails to state a claim upon which relief may be granted, and that Columbia's motion to dismiss should be granted.

### FACTS

Foster's complaint against Columbia is not the first cause of action involving these two parties; her claims were the subject of litigation in *Columbia Gas Transmission Corp. v. Foster,* Civil Action No. 90–C–133 (Lewis Cty., W.Va. Filed June 27, 1990) ["*Foster I*"]. In *Foster I,* Columbia sought condemnation of an easement across seven (7) tracts, comprising approximately four hundred (400) acres, of timber land in which Foster owns a one-twelfth fee simple interest. Columbia intended to construct a gas pipeline along the easement. Foster claims she had inadequate notice of the filing of the condemnation proceedings because Columbia erroneously sent her copy of the petition to her former address; however, Foster received formal notice of the petition on July 16, 1990. Importantly, Foster failed to note her appearance in this civil action. The Circuit Court of Lewis County, West Virginia conducted a July 10, 1990 hearing on the petition, but it took no formal action except to appoint commissioners to value the property, as required by West Virginia law.

Then, on July 31, 1991, before the commissioners could meet or take other action regarding the condemnation proceedings, Columbia filed for Chapter 11 bankruptcy protection, listing the *Foster I* condemnation proceeding as a debtor/creditor transaction. Again, Foster did not receive notice of the bankruptcy proceeding because the notice was mailed to her prior address; nevertheless, Foster learned of the bank-

ruptcy from Columbia attorney Hugh H. Roberts by his letter dated April 23, 1993. Foster, however, never filed a claim with the Bankruptcy Court.

On August 1, 1994, Judge Thomas Keadle of the Circuit Court of Lewis County, West Virginia, entered an Order dismissing the *Foster I* case from the court's docket pursuant to Rule 41(b) of the West Virginia Rules of Civil Procedure, on the basis that no activity had occurred in the case in the preceding year. Rule 81(a)(6) of the West Virginia Rules of Civil Procedure explicitly states that Rule 41(b) dismissals do not apply to eminent domain proceedings; however, Foster never timely raised that objection in *Foster I*. Nor did she timely appeal any aspect of Judge Keadle's dismissal order.

Columbia's bankruptcy case effectively concluded on November 15, 1995, with the Bankruptcy Court's approval of the Second Amended Plan of Reorganization. This plan discharged Foster's rights to compensation for the right of way at issue in *Foster I*. Even so, on October 6, 1998, Columbia offered Foster, and any other remaining defendants in *Foster I*, $10,000 as a "complete settlement." In Foster's own words, she "rejected this offer as an arbitrary assessment by a party of interest of the company's extensive damage to timber lands."

Foster alleges that she did not learn of Judge Keadle's August 1, 1994 dismissal of *Foster I* until May 6, 1999. Nearly three (3) weeks later, she petitioned the Circuit Court of Lewis County, West Virginia to vacate the dismissal order and reopen the condemnation proceedings. Judge Keadle conducted a hearing on Foster's petition, but eventually denied the petition, relying on Rule 60(b) of the West Virginia Rules of Civil Procedure and the doctrine of laches. Significantly, Foster did file an appeal with the West Virginia Supreme Court of Appeals concerning the denial of her petition to vacate the order of dismissal, which the Court dismissed on January 11, 2000.

## PROCEDURAL HISTORY

After exhausting her state court remedies, Foster filed suit in this Court on April 28, 2000, alleging that Columbia deprived her of property and due process rights under the Fifth Amendment to the United States Constitution. In Count I, she claims that Columbia deprived her of her constitutional right to just compensation for the taking of her property by the failure of Columbia and the Circuit Court of Lewis County, West Virginia to comply with the procedures set forth in W.Va. Code §§ 54–2–1 through 54–2–20. In Count II, she further claims that she was denied due process in the sense of a meaningful opportunity to present her case and be heard. Foster requests relief in the form of resumption of the eminent domain proceedings in the Circuit Court of Lewis County, West Virginia.

## STANDARD OF REVIEW

In ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), "the Court must take all well-pleaded material allegations as admitted, but conclusions of law and unwarranted deductions of fact are not admitted. A complaint may be dismissed if the law does not support the conclusions argued, or where the facts alleged are not sufficient to support the claim presented." *Mylan Laboratories, Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1059 (D.Md.1991). A complaint should not be dismissed unless it appears to a certainty that there is no set of facts which could be proved to support a claim or which would entitle the plaintiff to relief. 2A Moore's Federal Practice § 12.08 at 2271–74 (2d Ed.1983).

## ANALYSIS

### Res Judicata

The West Virginia Supreme Court of Appeals recently articulated a three-part test for establishing *res judicata:*

First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

*Rowe v. Grapevine Corp.*, 206 W.Va. 703, 527 S.E.2d 814 (1999) (quoting *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W.Va. 469, 498 S.E.2d 41 (1997)). *Rowe* controls here because the law of the judgment state controls the preclusive effects of a state court judgment. *St. John v. Wisconsin Employment Relations Bd.*, 340 U.S. 411, 71 S.Ct. 375, 95 L.Ed. 386 (1951). When *res judicata* applies, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

■ Foster's claims are barred by *res judicata* because this case satisfies all three (3) prerequisites established in *Rowe, supra.* First, the claims were the subject of the litigation in *Foster I*, in which there was a final adjudication both of the underlying litigation in 1994 and of Foster's petition to vacate that dismissal Order.

Second, this action involves exactly the same litigants as *Foster I.*

Third, Foster's claims in this case are substantially identical to the claims determined in *Foster I*. In both cases, the claims involved Foster's right to compensation for condemned property. To the extent that Foster's constitutional claims are not identical, they could have been resolved, had they been filed, as part of *Foster I.*

### Rooker–Feldman doctrine

■ Foster's claims also are barred by the *Rooker–Feldman* doctrine because she improperly is seeking review of the state circuit court's judgment in *Foster I*. Only the United States Supreme Court has jurisdiction to review a state court decision. To the contrary, federal district courts must honor the *res judicata* effects of state court judgments by giving them full faith and credit, as required by 28 U.S.C. § 1738. *See also Matsushita Elec. Indus. Co., Ltd. v. Epstein*, 516 U.S. 367, 372, 116 S.Ct. 873, 134 L.Ed.2d 6 (1996); *Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985); *Allen v. McCurry*, 449 U.S. 90, 95–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

As the Fourth Circuit Court of Appeals recently reiterated:

> *Rooker–Feldman* bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are "inextricably intertwined" with state court decisions. The "inextricably intertwined" prong of the doctrine bars a claim that was not actually decided by the state court but where "success on the federal claim depends upon a determination that the state court wrongly decided the issues before it." Under either the "actually decided" or the "inextricably intertwined" prong, the principle is the same: "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

*Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 196 (4th Cir.2000) (internal quotations omitted).[1]

---

1. Because *Brown & Root* is an unpublished decision, the Court appends a copy of it as an exhibit to this Dismissal Order.

Even assuming, *arguendo*, that Foster's claims were not actually decided in *Foster I*, they most certainly are inextricably intertwined with that state court case. The *Rooker–Feldman* doctrine, therefore, bars this Court's consideration of them.

### CONCLUSION

Even when viewed in the light most favorable to Foster, the complaint in this action fails to state a claim upon which relief can be granted. Her claims are barred by *res judicata* and the *Rooker–Feldman* doctrine. Furthermore, this Court also concludes that the claims were discharged in Columbia's bankruptcy and are barred by the doctrine of laches.

Accordingly, the Court **GRANTS** the defendant's motion to dismiss, and this case is **DISMISSED WITH PREJUDICE** from the Court's docket.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to the *pro se* plaintiff, and to counsel of record herein.