**Robert VANCE, D.O., Appellant,**

v.

**STATE OF UTAH, et al., Appellees.**

**No. 84–1260.**

United States Court of Appeals,
Tenth Circuit.

Oct. 1, 1984.

---

John A. Burgess, Berkeley, Cal., and M. Richard Walker of Salt Lake City, Utah, for appellant.

David L. Wilkinson, Atty. Gen., Stephen G. Schwendiman, Chief, Asst. Atty. Gen., and John C. Baldwin, Asst. Atty. Gen., Salt Lake City, Utah, for appellees.

Before BARRETT, BREITENSTEIN and McWILLIAMS, Circuit Judges.

BREITENSTEIN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); 10th Cir.R. 10(e). The cause is thereby submitted without oral argument.

Appellant, Dr. Robert B. Vance, appeals from the denial of a preliminary injunction by the United States District Court for the District of Utah. We have jurisdiction under 28 U.S.C. § 1292(a) and affirm.

Vance is a Doctor of Osteopathy licensed in Utah since 1961. In September, 1980, he was charged with 37 instances of unprofessional conduct under Utah Code Ann. § 58–12–36 relating to unprofessional conduct in the practice of medicine. In January and February, 1981, the Utah Department of Registration held a hearing on the charges before an administrative law judge and the three-member Osteopathic Committee, the Committee. Appellant appeared at these hearings with counsel. The Committee found unprofessional conduct under seven of the allegations and recommended that appellant's license be revoked. The Director of the Department of Registration adopted the findings and conclusions of the Committee and revoked the appellant's license on February 6, 1981.

Appellant then appealed this administrative determination to the state district court on the grounds that: (1) one member of the Committee did not have the statutory qualifications for the office; and (2) the Committee applied the wrong standards in determining unprofessional conduct. The district court ruled against him on both points.

Appellant then appealed to the Utah Supreme Court arguing the same points and that court ruled against him. *Vance v. Fordham,* Utah, 671 P.2d 124. The United States Supreme Court denied certiorari, — U.S. ——, 104 S.Ct. 1280, 79 L.Ed.2d 684.

He then filed this civil rights action in the federal district court against the State of Utah, the Director of the Department of Registration and the Committee. In an amended complaint he dropped the State of Utah and added the three members of the Committee in their individual capacities.

The amended complaint charges the defendants with violations of 42 U.S.C. §§ 1983 and 1985 and applied for a preliminary injunction. At the hearing on the application for a preliminary injunction he conceded that he had insufficient evidence to support a claim under § 1985. R. 183. The federal district court denied the preliminary injunction and this appeal followed.

■ A grant or denial of a preliminary injunction is within the discretion of the trial court and may not be set aside by an appellate court unless it is based on an error of law or constitutes an abuse of discretion. *Otero Savings & Loan Association v. Federal Reserve Bank*, 10 Cir., 665 F.2d 275, 276; *Kenai Oil & Gas, Inc. v. Department of the Interior*, 10 Cir., 671 F.2d 383, 385. We have used a four part test in the appellate review of the grant or denial of preliminary injunctions. These include a substantial likelihood of success on the merits and a showing that the injunction, if issued, would not be adverse to the public interest. *Lundgrin v. Claytor*, 10 Cir., 619 F.2d 61, 63. The district court denied the injunction because the plaintiff has failed to show a likelihood of success on the merits because the § 1983 claims asserted were actually litigated, or could have been litigated, in the state court proceedings and because the issuance of an injunction would be adverse to the public interest and would seriously undermine the final judgment of the Utah Supreme Court in *Vance v. Fordham*, supra, 671 P.2d 124.

The Constitution's Full Faith and Credit clause, Art. IV, § 1, is implemented by the Federal Full Faith and Credit Statute. 28 U.S.C. § 1738, which reads in pertinent part:

"Such Acts, records and judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

The Supreme Court has said that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School District Board of Education*, — U.S. —, 104 S.Ct. 892, 896, 79 L.Ed.2d 56. The rule applies to proceedings under § 1983, Id. at 897, except where the party to be precluded did not have a full and fair opportunity to litigate the claim or issue to be decided, *Allen v. McCurry*, 449 U.S. 90, 101, 101 S.Ct. 411, 418, 66 L.Ed.2d 308, or where there are special circumstances, *Montana v. United States*, 440 U.S. 147, 158, 99 S.Ct. 970, 976, 59 L.Ed.2d 210.

We must determine whether Utah law precludes relitigation of the issues presented in his § 1983 action and whether there are any special circumstances which would warrant a departure from the general rule barring such relitigation. *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 2373, 76 L.Ed.2d 595; *Slayton v. Willingham*, 10 Cir., 726 F.2d 631, 633.

■ Although Utah law considers collateral estoppel a branch of res judicata, it distinguishes between the two theories. *Penrod v. Nu Creation Creme, Inc.*, Utah, 669 P.2d 873, 874–875. Res judicata bars the relitigation of claims for relief by the parties or their privies which have once been litigated between the same parties or their privies and resulted in a final judgment as well as claims that should have been litigated in the first action but were not. Id. at 875. Collateral estoppel, under Utah law, precludes relitigation of issues adjudicated in a prior action even though the claim for relief in the second action is different and the parties vary. Id.; *Robertson v. Campbell*, Utah, 674 P.2d 1226, 1230. The claim for relief under § 1983 of possible violations of constitutional rights differs from the relief sought in the state case, an appeal from the order of revocation. The doctrine of collateral estoppel, not res judicata, applies. *Slayton v. Willingham*, 10 Cir., 726 F.2d 631, 633–634.

■ We turn to the opinion of the Utah Supreme Court to determine the issue of collateral estoppel. Appellant argues that

the three-man Committee had one member who did not have the statutory residence and licensing qualifications. This was presented to the Utah Supreme Court which held that the person against whom the charge was made was a de facto officer, *Vance v. Fordham,* supra, 671 P.2d at 130. The court said, Id. at 131:

> "We are satisfied that the de facto rule governs the present circumstance, so that the action of the Osteopathic Committee is not rendered invalid or even voidable on appeal because one of its three members did not meet the statutory qualifications for length of time licensed."

Appellant argues that he was deprived of due process because he was an osteopath and the Committee wrongfully applied the standard of unprofessional conduct relating to doctors of medicine, without a further definition of that standard. The Utah Supreme Court examined this claim at length, *Vance v. Fordham,* 671 P.2d at 128–130, and held against him. The court said, supra, at 129–130:

> "Section 58–1–13(6) requires the Committee to '[d]efin[e] unprofessional conduct,' but in respect to patient care the Committee may do that on a case-by-case basis by drawing on the statutory standards quoted below and on its own knowledge of the patient-care standards of the profession (citing cases). As for § 58–1–13(7), the use of the permissive 'may' indicates that the publication of the 'rules and regulations' is optional with the Committee. The considerations relied on by the dissent may well require the publication of rules or standards for other aspects of professional conduct, as mentioned above, but we are satisfied that this is not mandatory for the performance of professional services for patients or clients."

Finally the evidence was sufficient to sustain the revocation of his license. The Utah Supreme Court considered this point and said, supra, 671 P.2d at 128:

> "We also hold, despite appellant's strenuous arguments to the contrary, that in

ruling on this appeal the district court properly concluded, on the basis of the record evidence, that the Department's findings were not arbitrary and capricious. Those findings were supported by evidence of substance."

We agree with the district court that the Utah preclusion law bars the relitigation of the issues raised. The record shows that the appellant extensively argued the same issues in the state court and they were expressly rejected. As the Second Circuit pointed out in *Friarton Estates Corp. v. City of New York,* 2 Cir., 681 F.2d 150, 158:

> "It is of no consequences whether ... this court agrees or disagrees with the determination of the New York courts on issues fully raised before and necessarily decided by them. *Res judicata* protects wrong decisions as fully as right ones. It is immaterial that the questions were constitutional in character ... or that they are now asserted in an action under 42 U.S.C. § 1983."

The appellant had a full and fair opportunity to litigate the issues to be decided. The case presents no special circumstances which would entitle him to relief.

Affirmed.