**AMERICAN HOME ASSURANCE COMPANY, Plaintiff,**

v.

**PACIFIC INDEMNITY COMPANY, INC., and American Business Insurance Agency, Inc., f/k/a Nordstrom Larpenteur Agency, Defendants.**

Civ. A. No. 86–2375.

United States District Court, D. Kansas.

Oct. 21, 1987.

As Amended Nov. 25, 1987.

James Borthwick, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, Mo., Stephen M. Fitzgerald, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., for plaintiff.

Bill E. Fabian, David M. Druten, Charles A. Getto, McAnany, Van Cleave & Phillips, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion for summary judgment of defendant American Business Insurance Agency, Inc. (hereinafter "ABI"). Plaintiff American Home Assurance Company (hereinafter "American Home") brought this action against ABI, among others, to recover under negligence and equitable estoppel theories for ABI's alleged failure to reduce American Home's exposure as an insurer, as requested by American Home.

The pertinent facts are as follows: Detco Trailers Company, Inc., (hereinafter "Detco") is a subsidiary of Shock Transfer Company (hereinafter "Shock"). ABI is an insurance broker which placed coverage for Shock, including its subsidiary, Detco. ABI placed Detco's primary coverage with Pacific Indemnity Company (hereinafter "Pacific"); this policy included $250,000 per person automobile liability bodily injury coverage. ABI placed Detco's excess coverage with American Home; this policy included $1,000,000 coverage for any occurrence with damages exceeding the coverage in the primary policy. The policy's

term was three years, beginning February 14, 1974.

On December 3, 1975, American Home sent a letter to ABI stating that it desired to write insurance only when the insured carried a primary policy with coverage of at least $500,000. American Home said that unless its coverage floor for Detco was increased to $500,000, it would terminate the policy. ABI returned a photocopy of the letter, including a "received" stamp dated December 4, 1975, to American Home on January 12, 1976. The photocopy also included unsigned notations which used abbreviated insurance terminology that did not clearly state whether American Home's coverage floor had been increased. After receiving the photocopy, American Home revised its schedule of underlying insurance to show $500,000 per person primary insurance coverage, and a copy of the revised schedule was sent to and received by ABI.

On April 28, 1976, Mark Hochanadel, a business invitee on Detco's premises, was struck and injured by a Detco truck. Hochanadel filed suit in Kansas district court, and a jury awarded him $950,000. The court ordered a remittitur reducing the verdict to $367,888.50. Hochanadel sought a retrial, and the case was eventually settled for $774,359.

While the Hochanadel case was pending retrial, Pacific filed a declaratory judgment action in Kansas district court to determine its responsibility as the primary insurer. Both ABI and American Home were named as defendants. Pacific contended that it was responsible for only $250,000 coverage. American Home contended the floor on its policy was $500,000 as a result of the alleged contractual modification. The court held that Pacific's coverage limit was $250,000. It further held that American Home was responsible for all amounts greater than $250,000, stating that the coverage was not modified because American Home did not prove that both parties consented to the contractual change and that there was adequate consideration. Additionally, the court held that the issue of ABI's possible negligence in dealing with

American Home regarding the coverage floor was beyond the scope of the suit.

Pacific appealed from the district court's ruling, and ABI and American Home filed cross-appeals. American Home's appeal raised the following three allegations of error: First, it contended that the notation on the photocopy returned to American Home changed the coverage of the policy. The appeals court agreed with the district court's holding that the notation was insufficient to modify the coverage.

Second, American Home contended that Pacific was equitably estopped from denying the excess coverage was for amounts greater than $500,000 because ABI, Pacific's agent, had misrepresented the level of primary coverage by returning the photocopy with the notation and by failing to object to the revised schedule of underlying insurance which American Home forwarded. The appeals court held that American Home's reliance on these actions was not reasonable, and thus denied its equitable estoppel claim.

Third, American Home argued that the district court erred in its refusal to consider ABI's possible negligence. The appeals court said:

> While the court might have acted within its discretion to permit the parties to expand the scope of the litigation to include this collateral indemnification matter, it was not an abuse of discretion to refuse to do so.... Therefore, we conclude that the district court did not err in refusing to consider this additional factual dispute in the declaratory judgment action.

Following the decision of the appeals court, American Home brought this action in federal court. ABI has moved for summary judgment, alleging that the doctrines of res judicata and collateral estoppel bar this court from hearing American Home's claims.

When considering a motion for summary judgment, we must examine all evidence in the light most favorable to the opposing party. *Prochaska v. Marcoux,* 632 F.2d 848, 850 (10th Cir.1980), *cert. denied,* 451 U.S. 984, 101 S.Ct. 2316, 68 L.Ed.2d 841

(1981). The plaintiff, or the defendant in the case of affirmative defenses under Federal Rule of Civil Procedure 8(c), must show, through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56(c).

If the moving party meets this requirement, the burden shifts to the nonmoving party, who "must set forth *specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986) (emphasis added). The trial judge then determines whether a trial is needed—"whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* 477 U.S. at ——, 106 S.Ct. at 2511, 91 L.Ed.2d at 213.

■ In a diversity action, the doctrines of res judicata and collateral estoppel require that a state court judgment be given the same preclusive effect in federal court that it would be given in the state in which the judgment was rendered. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984); *St. John v. Wisconsin Employment Relations Board,* 340 U.S. 411, 71 S.Ct. 375, 95 L.Ed. 386 (1951) (res judicata); *Coppedge v. Clinton,* 72 F.2d 531 (10th Cir.1934) (collateral estoppel).

■ The doctrine of res judicata has two principal aspects: claim preclusion and issue preclusion. Claim preclusion prevents "parties or their privies from relitigating a cause of action that has been finally adjudicated by a court of competent jurisdiction." *Crutsinger v. Hess,* 408 F.Supp. 548, 551 (D.Kan.1976). This rule applies to claims actually litigated as well as to claims that should have been litigated in the first action but were not. *Vance v. Utah,* 744 F.2d 750, 752 (10th Cir.1984). Thus the rule applies even where a new theory is advanced as the basis of relief in the second action. *United States v.*

*Stuart,* 689 F.2d 759, 762 (10th Cir.1982). However, res judicata does not apply to issues raised in the previous case which the court expressly refused to determine, *see* 46 Am.Jur.2d *Judgments* § 419 (1964), and a party's failure to assert a cross-claim usually does not have res judicata effect. *See* 74 Am.Jur.2d *Torts* § 60 (1964).

■ Res judicata also includes issue preclusion, which prevents relitigation of an issue by a party against whom the issue has been conclusively determined in a prior action. *Crutsinger,* 408 F.Supp. at 551. This aspect of res judicata is more precisely referred to as collateral estoppel. *Id.* Collateral estoppel may be applied even though the party asserting it was not a party in the prior action. *Allen v. McCurry,* 449 U.S. 90, 95, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980) (citing *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329, 99 S.Ct. 645, 650–51, 58 L.Ed.2d 552 (1979)). The essential element is that the party against whom estoppel is asserted had a full and fair opportunity to litigate, in the prior action, the issue he now seeks to relitigate. *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 333, 91 S.Ct. 1434, 1445, 28 L.Ed.2d 788 (1971). Under Kansas law, collateral estoppel may be invoked where: (1) the issue decided in the prior action is identical to the one presented in the later lawsuit, (2) a final judgment on the merits was rendered in the earlier action, (3) the party against whom collateral estoppel is asserted was a party to the prior action, and (4) collateral estoppel is asserted defensively, as a shield to liability against a plaintiff bringing suit on an issue he previously litigated and lost as a plaintiff in a prior action. *Crutsinger,* 408 F.Supp. at 554.

American Home's initial claim is that it detrimentally relied on ABI's representations regarding primary coverage levels, and that ABI should therefore indemnify American Home for the $250,000 difference between actual and believed primary coverage. ABI asserts that collateral estoppel and res judicata bar this claim.

■ The court finds that the requirements of collateral estoppel are sufficiently satisfied to bar relitigation of the detrimental reliance claim. First, the issue is identical to the one addressed by the Kansas courts, namely whether American Home's asserted reliance on ABI's representations was reasonable. Second, the Kansas courts rendered final judgments on the merits. Third, American Home was a party in the prior action. Fourth, collateral estoppel is being invoked defensively against a plaintiff bringing suit on an issue it previously litigated and lost. Although American Home was not a plaintiff in the original case in Kansas district court, the declaratory judgment action and subsequent appeal afforded American Home a full and fair opportunity to litigate the issue of detrimental reliance. The courts focused on the liability of all possible parties, both plaintiff and defendants, and American Home had every incentive to vigorously litigate the reliance issue. Thus the dangers normally associated with use of collateral estoppel against a party who was a defendant in the prior action are not present here. *See Parklane,* 439 U.S. at 332, 99 S.Ct. at 652.

■ American Home's second claim is that ABI was negligent in its actions regarding the level of primary coverage. ABI contends that collateral estoppel and res judicata bar this claim.

Collateral estoppel does not apply here because no final judgment on the merits of the negligence claim was entered by the Kansas courts. In fact, the courts specifically refused to address the issue. The district court ruled that negligence was beyond the scope of the suit; the appeals court refused to consider negligence, holding that the district court did not err in its determination. ABI erroneously contends that the allegedly negligent acts, returning the photocopy with the notation and disregarding the scheduling change, were necessarily ruled upon by the Kansas courts. Rather, the courts focused on American Home's reliance and whether it was reasonable, and they did not decide whether ABI's acts were negligent.

■ Res judicata is also inapplicable to this claim. Although no Kansas law dealing with the issue was found, "the general rule is that a judgment in a prior action in which a claim might have been, but was not, asserted as a . . . cross action does not conclude the defendant and is no bar to a subsequent independent action based on the claim. . . ." 74 Am.Jur.2d *Torts* § 60 (1964). However, ABI correctly states that the Kansas courts were determining the respective responsibility of all the defendants in the Hochanadel incident. This could warrant a departure from the general rule stated above. Support for this departure is found in *Kearney v. Kansas Public Service Co.,* 233 Kan. 492, 665 P.2d 757 (1983), where the Kansas Supreme Court held that because co-defendants in comparative negligence cases are actually adverse parties, departure from the collateral estoppel requirement of adversarial pleadings is warranted. Kansas courts might similarly recognize the adverse nature of the parties in this declaratory judgment action and depart from the traditional rule regarding res judicata and failure to assert cross-claims.

■ However, res judicata should not be applied in this case because American Home asserted its negligence cross-claim in the action below, and the courts refused to consider the claim. A judgment is not res judicata as to issues which courts refuse to determine. 46 Am.Jur.2d *Judgments* § 419 (1964). Thus American Home may assert its negligence claim in this court.

In summary, American Home has fully and fairly litigated its reliance claim, but despite its efforts, it has not been afforded the opportunity to litigate its negligence claim.

IT IS THEREFORE ORDERED that ABI's motion for summary judgment is granted as to American Home's reliance claim and denied as to the negligence claim.