Benjamin F. FARNEY, Plaintiff,

v.

MERRILL LYNCH, PIERCE, FENNER
& SMITH, INC., Defendant.

Civ. A. No. 86–2576–O.

United States District Court,
D. Kansas.

May 17, 1989.

George A. Lowe, Richard N. Roe, and Lowe, Farmer, Bacon & Roe, Olathe, Kan., for plaintiff.

William J. Mullins, Jr., Wagner & Mullins, Shawnee Mission, Kan., and Gordon D. Gee, Charles A. Blackmar, and Rich, Granoff, Levy & Gee, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on the motion of the plaintiff Benjamin F. Farney (Farney) for relief from the court's judgment pursuant to Federal Rule of Civil Procedure 60(b). Having determined that oral argument is unnecessary, the court is prepared to rule on the motion.

The background against which Farney makes his motion is as follows: Farney is the administrator of an estate, and in that capacity, he brought an action in Kansas state court against the defendant Merrill Lynch, Pierce, Fenner & Smith, Inc., (Merrill Lynch) alleging a cause of action for conversion as a result of a series of transactions involving a securities account included in the estate. Merrill Lynch filed a motion for summary judgment, based in part on the assertion that Farney's conversion claim was barred by the applicable statute of limitations. Farney then filed an action in this court based on Merrill Lynch's actions in connection with the secu-

rities account. He sought recovery based on claims of violations of federal securities laws, violations of federal racketeering laws, violations of Kansas securities laws, common law fraud, common law conversion, and breach of contract. Farney contemporaneously sought and received a stay of his state court action.

In an order dated January 21, 1988, we granted Merrill Lynch's motion for summary judgment as to all of Farney's claims except the conversion claim. On September 21, 1988, we granted Merrill Lynch summary judgment on Farney's conversion claim, finding that it was time barred under the applicable Kansas statute of limitations, K.S.A. 60–513. On September 22, 1988, judgment was entered dismissing Farney's claims with prejudice.

■ Although the facts as presented by the parties are somewhat muddled, it appears that Farney has attempted to again proceed with his state court conversion claim. As a result, Merrill Lynch, in a case assigned to Judge Saffles of this district, has moved for injunctive relief to prevent Farney from relitigating in state court the conversion claim. Farney then filed the instant motion, seeking that we change the September 22, 1988, entry of judgment so that the disposition of the conversion claim is without prejudice. For the reasons that follow, we deny Farney's motion.

Rule 60(b) provides that the court may provide a party relief from a final judgment for grounds such as mistake, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). The Tenth Circuit has stated that "Rule 60(b) gives the Court a grand reservoir of equitable power to do justice in a particular case. That rule should be liberally construed when substantial justice will thus be served." *Thompson v. Kerr–McGee Refining Corp.*, 660 F.2d 1380, 1385 (10th Cir. 1981). Although the rule includes no explicit time limit, a Rule 60(b) motion should be brought within a reasonable time, which is determined by balancing the interests of finality with the reasons for any delay in bringing the motion. *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir.1983). Here, there are no circumstances such as newly discovered evidence or the revelation of fraud which warrant a delay in bringing the Rule 60(b) motion. Instead Farney seeks relief from the judgment because of its effect on his state court claim for conversion. This effect was immediately apparent, and a five month delay in bringing this motion is not warranted. Thus, the motion should be denied as untimely.[1]

■ Moreover, Farney's motion should be denied even if it is timely. Simply stated, there is no reason which justifies relief from the final judgment because even if the judgment on the conversion claim was entered without prejudice, Farney would be precluded from proceeding with his conversion claim in Kansas state court.

The rule of claim preclusion, an aspect of the doctrine of res judicata, prevents "parties or their privies from relitigating a cause of action that has been finally adjudicated by a court of competent jurisdiction." *American Home Assurance Co. v. Pacific Indemnity Co.*, 672 F.Supp. 495, 498 (D.Kan.1987) (quoting *Crutsinger v. Hess*, 408 F.Supp. 548, 551 (D.Kan.1976)). Claim preclusion applies to claims actually litigated as well as to those which should have been litigated but were not. *American Home*, 672 F.Supp. at 498. Thus, following our final adjudication of the case, Farney cannot proceed in another court on any claim, including the conversion claim, which arose from the same facts giving rise to the cause of action litigated in this court. The fact that Farney earlier filed a state court action regarding conversion is inapposite. As an aside, we note that Farney could have had the timeliness of his conversion claim determined by this court based on the date when he filed his state court action if he had moved to dismiss the state court action without prejudice under K.S.A.

---

1. We note that Farney could have moved this court to reconsider its order of September 21, 1989, under Rule 59, or he could have appealed the final judgment. He chose to do neither. We decline to allow him to utilize Rule 60(b) as an alternative to these forgone options.

60–241.  *See* K.S.A. 60–518 (the Kansas savings statute).

In summary, we deny Farney's motion because it is untimely, and because the rule of claim preclusion would prevent Farney from proceeding in state court.

IT IS THEREFORE ORDERED that the plaintiff's motion for relief from judgment is denied.