**Kenneth R. GEORGE and Alberta W. George, Plaintiffs-Appellants,**

v.

**UNITED KENTUCKY BANK, INC., United Kentucky, Inc., and Does 1 through 99, Defendants-Appellees.**

**No. 83–5750.**

United States Court of Appeals, Sixth Circuit.

Argued Sept. 26, 1984.

Decided Jan. 22, 1985.

Rehearing Denied Feb. 21, 1985.

acted on behalf of the defendant Bank and the defendant Holding Company to establish the policies or to carry out the conduct challenged in this case). The defendants were charged with defrauding the plaintiffs in a series of loans made by the Bank to the Georges. The complaint charged a R.I.C.O. claim, 18 U.S.C. § 1962(c), which was based in part upon a mail fraud claim, 18 U.S.C. § 1341; and a number of State law claims with jurisdiction asserted upon diversity of citizenship.

Larry E. Parrish, argued, Parrish & Mulrooney, Memphis, Tenn., for plaintiffs-appellants.

Richard Frockt, argued, Barnett & Alagia, Thurman L. Sisney, Louisville, Ky., for defendants-appellees.

Before CONTIE, Circuit Judge, PHILLIPS, Senior Circuit Judge, and GILMORE, District Judge.*

HARRY PHILLIPS, Senior Circuit Judge.

This is an appeal by plaintiffs Kenneth R. and Mrs. Alberta W. George (hereafter "Georges") from the judgment of the District Court dismissing their complaint upon the ground that their cause of action and the issues raised therein are barred by the doctrines of *res judicata,* collateral estoppel and the Full Faith and Credit Act, 28 U.S.C. § 1738. The Georges also appeal from the earlier order of the District Court dismissing that part of their complaint which alleged a violation of the Kentucky Unfair Trade Practices Act, K.R.S. 365.050. The decision on the latter issue became final and appealable when the District Court dismissed the remainder of the complaint.

The Georges sought damages against United Kentucky Bank, Inc. and United Kentucky, Inc. (hereafter "U.K.B." or "the Bank") and "Does 1 through 99" (unspecified directors and employees who allegedly

## I

Prior to the initiation of the present suit by the Georges in the United States District Court, the Bank filed a foreclosure action against the Georges in the Circuit Court of Jefferson County, Kentucky, Case No. 81–CI–09925, styled *United Kentucky Bank, Inc. v. Kenneth R. George, et al.* The basis for the foreclosure action was the Georges' default on a series of five loans made by U.K.B. to the Georges in the original amount of $2,700,000.00.

The Georges filed pleadings in the State Court action, to which were attached a copy of their complaint in the present case. The District Court held that the Georges raised and prosecuted in the State Court action defenses or counterclaims involving the same questions of law and fact presented in the Federal Court litigation.

After discovery proceedings in the State Court, the Bank moved for summary judgment. The State Circuit Court sustained the Bank's motion for summary judgment on almost all issues. The State Court ruled, however, that the Bank calculated interest on an unacceptable basis and awarded to the Georges a credit of $11,022.58 for overcharges on interest. The State Court expressly held that the Bank was not guilty of any fraud or breach of fiduciary duty owed by it to the Georges "due to the established industry practice followed and lack of intent" by the Bank. After directing that the Georges recover

* Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation.

the specified amounts for overcharges on interest, the State Court ordered that "all counterclaims and affirmative defenses as filed by the defendants (the Georges) are hereby dismissed as herein-before set out."

## II

The District Court dismissed the complaint in the present case in a memorandum opinion rendered September 30, 1983, holding as follows:

This Court must give the same recognition to the judicial rulings of the Kentucky courts to which those rulings are entitled in Kentucky. 28 U.S.C. § 1738. *St. John v. Wisconsin Employment Relations Board*, 340 U.S. 411, 414 [, 71 S.Ct. 375, 377, 95 L.Ed. 386] (1951); *Rollins v. Dwyer*, 666 F.2d 141, 144 (5th Cir.1982). See, generally, 1B Moore's Federal Practice, Para. 0.416[1] (2nd Ed. 1983). *Res judicata* provides that a final judgment on the merits bars all claims based upon the same complaint by the parties or their privities, including those claims which were not but could have been litigated. *Montana v. United States*, 440 U.S. 147, 153 [, 99 S.Ct. 970, 973, 59 L.Ed.2d 210] (1979); *Brown v. Felsen*, 442 U.S. 127, 131 [99 S.Ct. 2205, 2209, 60 L.Ed.2d 767] (1979); *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375 [60 S.Ct. 317, 319, 84 L.Ed. 329] (1940). Collateral estoppel provides that once issues or facts which are necessary to the judgment are actually litigated and decided by a court of competent jurisdiction, any determination by that court is conclusive and binding on the parties in any subsequent suit between the parties, even if the second suit is based upon a different complaint. *Montana v. United States, supra; Allan v. McCurry*, 449 U.S. 90, 94–96 [101 S.Ct. 411, 414–415, 66 L.Ed.2d 308] (1980). In essence, the parties are bound by issues and facts which have been adjudicated. See generally, *Kremer v. Chemical Construction Corporation*, 456 U.S. 461, 102 S.Ct. 1883, 1889 n. 6 [72 L.Ed.2d 262] (1982); *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky.1970); *Restatement (Second) of Judgments*, Sections 17, 18 and 27 (1982).

The District Judge held that the actionable facts in the present case were before the State Court and that the State Circuit Judge reached or could have reached all the issues with the exception of the R.I.C.O. claim. With respect to the R.I.C.O. claim the District Court ruled that the finding by the State Court that there was no "fraud" on the part of U.K.B. was sufficient to act as a collateral estoppel to fraud alleged in the R.I.C.O. action.[1]

We affirm in part and reverse and remand in part, for the reasons set forth in this opinion.

## III

■ We agree with the District Judge that a Federal Court must give to a State Court judgment the same preclusive effect as would be given that judgment under the law of the State in which judgment was rendered. 28 U.S.C. § 1738. *Migra v. Warren City School District Board of Education*, —— U.S. ——, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984); *Kremer v. Chemical*

---

**1.** After the decision of the District Court, the Court of Appeals of Kentucky in an unpublished opinion rendered February 24, 1984, (No. 83–CA–343–MR) affirmed the decision of the Jefferson County Circuit Court on the issues relating to fraud. However, the State Court of Appeals granted relief on the Bank's cross-appeal with respect to the $11,022.58 credit allowed by the trial court to the Georges. The State Court of Appeals held that the State trial court was correct in all respects "except as to the actual dollar amount allowed as a credit" to the Georges. The judgment was reversed and remanded to the State Court for "computation of the differ-

ence of fractional percentage to be allowed as the credit."

During the oral arguments of the present case before this Court on September 26, 1984, counsel advised that a motion for discretionary review of the decision of the State Court of Appeals was pending in the Supreme Court of Kentucky. This Court postponed a decision in the present case until action by the Supreme Court of Kentucky on the motion pending in that Court. The Supreme Court of Kentucky entered an order on November 8, 1984 denying the motion for discretionary review.

*Construction Corp.*, 456 U.S. 461, 466 n. 6, 102 S.Ct. 1883, 1889 n. 6, 72 L.Ed.2d 262 (1982); *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

In Kentucky the doctrine of *res judicata* is applicable when there is identity of parties, identity of causes of action and the first action is decided on its merits. *Newman v. Newman*, 451 S.W.2d 417, 419 (Ky.1970); *see also Stephens v. Goodenough*, 560 S.W.2d 556, 558 (Ky.1977); *Hays v. Sturgill*, 302 Ky. 31, 193 S.W.2d 648, 650 (1946). Kentucky courts also apply the doctrine of collateral estoppel. *Ward v. Southern Bell Telephone and Telegraph Co.*, 436 S.W.2d 794, 796 (Ky. 1968), *overruled on other grounds, Commonwealth of Kentucky Department of Transportation, Bureau of Highways v. Louisville Gas & Electric Co.*, 526 S.W.2d 820, 822 (Ky.1975).

The Georges contend that *res judicata* cannot act to bar their absolute right to present their claims in a federal forum. The Supreme Court rejected this contention in *Allen v. McCurry, supra*, 449 U.S. 90, 103–04, 101 S.Ct. 411, 419, 66 L.Ed.2d 308 (1980).

However, the record in the State Court proceedings reveals that the Georges made a motion in that Court to amend their answer so as to include the affirmative defense of fraud in the inducement, as opposed to fraud in the execution of the contract. The State Court refused to permit this amendment. Since this claim of fraud in the inducement was not adjudicated in the State Court proceedings and arguably could form the basis of a R.I.C.O. action, we conclude that the District Court erred in dismissing the R.I.C.O. claim.

## IV

The Georges also charged the Bank with violations of the Kentucky Unfair Trade Practices Act, K.R.S. 365.050. The District Court dismissed this count of the complaint on the ground that this statute is inapplicable to commercial lending institutions. The Georges appeal. We agree with the District Judge's interpretation of the statute and affirm on this issue.

## V

The decision of the District Court is affirmed on all issues except the charges of violation of the R.I.C.O. statute, 18 U.S.C. § 1962(c), with respect to the allegations of fraud in the inducement. This part of the judgment is reversed for the reasons set forth in the last paragraph of Part III of this opinion. In all other respects the judgment of the District Court is affirmed.

Affirmed in part, reversed in part, and remanded to the District Court for further proceedings not inconsistent with this opinion. No costs are taxed. The parties will bear their own costs on this appeal.