805 F.2d 1034
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Clarke DUNLAP, Plaintiff-Appellant,
v.
Steven L. BESHEAR, Attorney General of Commonwealth of
Kentucky; John C. Darsie, Legal Counsel University of
Kentucky; Richard V. McDougall, Chairman, Kentucky State
Board of Physical Therapists; Richard V. McDougall,
Director, School of Physical Therapy, University of
Kentucky; Patricia Rice, Acting Director Cardinal Hill
Hospital; Denise Ockerman, Supervisor Clark County Kentucky
Hospital, Physical Therapy Department; Frank Butler,
Director, Albert B. Chanler Medical Center, University of
Kentucky; and John R. Neill, Director, Department of
Psychiatry, University of Kentucky, Defendants- Appellees.
 No. 85-5821.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1986.
 
 1
 Before KEITH and WELLFORD, Circuit Judges, and TODD, District Judge.
 
 ORDER
 
 2
 This pro se Kentucky plaintiff appeals from a district court judgment adopting the Magistrate's report and recommendation to dismiss plaintiff's civil rights complaint construed to be filed under 42 U.S.C. Secs. 1983 and 1985(3).
 
 
 3
 Upon review of the cause in light of the arguments presented by the parties in their respective appellate briefs, this Court concludes that the plaintiff's suit was properly dismissed. Contrary to the Magistrate's opinion, however, it does appear that the plaintiff did adequately allege that the defendants acted under color of state law or conspired with other state actors to deprive him of his constitutional rights. See Bier v. Fleming, 717 F.2d 308 (6th Cir.1983). Despite the presence of state action, plaintiff's suit was still properly dismissed for several reasons.
 
 
 4
 Plaintiff clearly failed to state a violation of his constitutional rights which would be cognizable under 42 U.S.C. Sec. 1983 and Sec. 1985(3). At best, he has alleged state tort actions for medical malpractice, assault, defamation of character and abuse of process. His allegations may state a violation of state law, but they do not arise to a level of constitutional magnitude. Cf. Paul v. Davis, 424 U.S. 693 (1976); Bird v. Summit County of Ohio, 730 F.2d 442 (6th Cir.1984) (per curiam).
 
 
 5
 To a certain extent, the plaintiff has also tried to present claims which arise out of the same subject matter of his state court litigation. As to these claims, the plaintiff is barred from pursuing them in federal court under Kentucky's doctrine of res judicata. Cf. George v. United Kentucky Bank, Inc., 753 F.2d 50 (6th Cir.1985). He is barred from doing so even if he seeks to raise federal constitutional claims for the first time. Cf. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Johns v. Supreme Court of Ohio, 753 F.2d 524, 527 (6th Cir.), cert. denied, 106 S.Ct. 79 (1985).
 
 
 6
 In addition, plaintiff's claims as construed under 42 U.S.C. Sec. 1985(3) must also fail because he has failed adequately to allege that he is a victim of any racial or class-based animus. Griffin v. Breckenridge, 403 U.S. 88 (1971); Browder v. Tipton, 630 F.2d 1149 (6th Cir.1980).
 
 
 7
 Finally, this plaintiff is, nonetheless, likewise barred from asserting any issue on appeal because he failed to raise specific objections to the Magistrate's report and recommendation despite being warned to do so or else suffer waiver of his right to assert the issue on appeal. See Thomas v. Arn, 106 S.Ct. 466 (1985); Wilson v. McMacken, 786 F.2d 216, 220 (6th Cir.1986).
 
 
 8
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment is, accordingly, hereby affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit. The appellees' requests for costs and attorney fees is hereby denied.