863 F.2d 884
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
William L. FETTE; Benard J. Moser; William E. Bowser;
Alfred J. Gemrich; Robert J. Moser, Defendants-Appellees.
 No. 88-1833.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1988.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges and LAWRENCE P. ZATKOFF, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Carlos Williams moves for counsel on appeal from the district court's judgment granting the defendants' motion for summary judgment. Williams brought this action under 42 U.S.C. Sec. 1985 and Sec. 1986 against his former trial attorney, Fette, and Fette's partners. He claimed that Fette's negligent representation of him in a Michigan state court criminal action resulted in violations of his constitutional rights. He also alleged causes of action for negligence and legal malpractice under Michigan law. Williams requested monetary and injunctive relief. The district court granted defendants' motion for summary judgment, deciding that Williams' conclusory allegations failed to state a claim for relief under 42 U.S.C. Sec. 1985 or Sec. 1986 and that the state law claims for negligence and legal malpractice were barred under the doctrine of res judicata. The court then refused to grant defendants' motion for an injunction to keep Williams from filing additional lawsuits against them because any civil litigation would be barred by the doctrine of res judicata.
 
 
 4
 Upon consideration, we conclude the district court properly granted the defendants' motion for summary judgment as there is no genuine issue of material fact and, thus, the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 5
 The district court correctly dismissed plaintiff's complaint for failure to adequately allege violations of 42 U.S.C. Sec. 1985 & Sec. 1986. This ruling is proper because, even in its most liberal construction, plaintiff's complaint merely contained broad and conclusory language void of the factual allegations necessary to support a conspiracy theory. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987). The dismissal of plaintiff's Sec. 1985 claim was also correct because the complaint failed to allege a class-based conspiracy. See Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971). Because plaintiff's complaint is devoid of allegations of conspiracy and therefore presents no claim for relief under 42 U.S.C. Sec. 1985, it also fails to present a claim under 42 U.S.C. Sec. 1986. See Hahn v. Sargent, 523 F.2d 461 (1st Cir.1975), cert. denied, 425 U.S. 904 (1976).
 
 
 6
 In addition, the doctrine of res judicata precludes Williams from relitigating against the same parties the issues that he previously raised and received judgment on in state court. This court must give state court judgments the same preclusive effect that they would have in the rendering state. Lesher v. Lavrich, 784 F.2d 193, 195 (6th Cir.1986); George v. United Ky. Bank, Inc., 753 F.2d 50, 52 (6th Cir.), cert. denied, 471 U.S. 1018 (1985). Williams previously filed two civil actions in state court, alleging that Fette and the other defendants were negligent and committed legal malpractice. Those actions resulted in summary disposition in favor of the defendants. Under Michigan law, a summary judgment is considered a decision on the merits for purposes of determining whether the doctrine of res judicata bars relitigation of plaintiff's claims. Corrigan v. Aetna Life & Casualty, 140 Mich.App. 467, 478, 364 N.W.2d 728, 733 (1985). Thus, Williams' federal lawsuit is barred as he sought to relitigate issues which were decided in the previous state court actions.
 
 
 7
 Finally, the district court correctly denied defendants' motion for an injunction to prevent Williams from filing additional lawsuits against the defendants absent leave of court. Further civil litigation arising out of Fette's representation of Williams is barred by the doctrine of res judicata, and there was no need for the court to issue an injunction.
 
 
 8
 Accordingly, the motion for counsel is denied, and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, U.S. District Judge for the Eastern District of Michigan, sitting by designation