875 F.2d 864
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John V. HEATH; John V. Heath, III; Veronica Mae Heath,
Plaintiffs-Appellants,
v.
LOUISVILLE & JEFFERSON COUNTY METROPOLITAN SEWER DISTRICT;
Joe Masterson; Don Cox; Philipp Anderson; Tim Firkins;
Harvey Sloane; Mitch McConnell; George M. Gardner; J.
Michael Crawford; Carl Neumayer; Fred R. Radolovich;
Radolovich, Harrington & Levy, P.S.C., Defendants-Appellees.
 No. 88-5744.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1989.
 
 1
 Before ENGEL, Chief Judge, BOGGS, Circuit Judge, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 John V. Heath, a pro se Kentucky plaintiff, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Secs. 1981, 1983, and 1985, and 29 U.S.C. Secs. 793 and 794. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Plaintiff sued the Louisville and Jefferson County Metropolitan Sewer District ("MSD") and its board members, alleging that they conspired to deny him employment with MSD.
 
 
 4
 Subsequent to sustaining a work-related back injury at MSD, plaintiff filed a claim with the Kentucky Workers' Compensation Board. Thereafter, following negotiations with MSD, plaintiff executed an "Agreement-Release-Termination of Employment" document in which it was stipulated that MSD had no duty to reemploy him at any time and that he would dismiss all claims he had pending against MSD. An agreed order dismissing the action with prejudice was signed by the parties and entered by the Jefferson County Circuit Court.
 
 
 5
 Subsequently, plaintiff unsuccessfully moved to reopen a state court suit which had been settled by the Release Agreement, and his Workers' Compensation settlement. His attempt to set aside the Release Agreement was likewise overruled. Finally, plaintiff filed suit in district court alleging the same claims, which court dismissed plaintiff's suit.
 
 
 6
 On appeal, plaintiff raises the same claims raised in district court and also attempts to bring an action under 42 U.S.C. Sec. 1982.
 
 
 7
 Upon consideration, we conclude the district court properly dismissed plaintiff's civil rights action. First, because plaintiff made absolutely no allegation of racial discrimination, he failed to state a claim under 42 U.S.C. Sec. 1981. See Ana Leon T. v. Federal Reserve Bank, 823 F.2d 928, 931 (6th Cir.1987). Secondly, because plaintiff failed to raise his 42 U.S.C. Sec. 1982 claim in district court, he is precluded from raising it in the present appeal. See Chandler v. Jones, 813 F.2d 773, 777 (6th Cir.1987); United States v. Baker, 807 F.2d 1315, 1321 (6th Cir.1987). Likewise, plaintiff's employment related claims filed under 42 U.S.C. Secs. 1983 and Sec. 1985 were properly dismissed because such claims, which essentially allege unlawful employment practices, are only cognizable in Title VII actions, following exhaustion of the administrative processes of Title VII. See Great Am.Fed.Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979); Day v. Wayne County Board of Auditors, 749 F.2d 1199, 1204-05 (6th Cir.1984).
 
 
 8
 Additionally, because Kentucky's doctrine of res judicata precludes plaintiff from using the federal courts to attack the validity of the Release Agreement, see George v. United Ky. Bank, 753 F.2d 50, 53 (6th Cir.) cert. denied, 474 U.S. 821 (1985), plaintiff is estopped from collaterally attacking the validity of such agreement or the order entered pursuant thereto. See Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 85 (1984). Hence, dismissal was proper.
 
 
 9
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation