878 F.2d 382
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard HARDIN, Plaintiff-Appellant,
v.
BOYD CIRCUIT COURT; Kelley Asbury, Judge; Russell Compton,
Clerk, Defendants-Appellees.
 No. 89-5247.
 United States Court of Appeals, Sixth Circuit.
 June 26, 1989.
 
 1
 Before NATHANIEL R. JONES and BOGGS, Circuit Judges and JULIAN A. COOK, Jr., District Judge.*
 
 ORDER
 
 2
 Richard Hardin, proceeding pro se, moves for appointment of counsel on appeal from the district court's judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the certified record and the appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Hardin claimed that the defendants deprived him of his constitutional right to access to the courts when they refused his request for copies of his court records. The district court dismissed the action pursuant to 28 U.S.C. Sec. 1915(d) concluding that the action was untimely, the defendants were immune and the issues were precluded from review.
 
 
 4
 On appeal, Hardin argues that injunctive and declaratory relief are warranted in this case.
 
 
 5
 Upon consideration, we affirm the district court's judgment because this suit lacks any basis in law of in fact. Neitzke v. Williams, --- U.S. ----, 57 U.S.L.W. 4493, 4496-97 (May 1, 1989). Even if this action is timely, relief is not warranted in this case. The state court judge is absolutely immune from damages as Hardin failed to demonstrate that the judge acted outside his judicial capacity and jurisdiction; the clerk is also immune from liability for damages for claims arising out of the performance of his judicial or quasi-judicial functions. See Forrester v. White, 108 S.Ct. 538, 543-45 (1988); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Foster v. Walsh, 864 F.2d 416, 417 (6th Cir.1988). Furthermore, Hardin is precluded from relitigating this case, as it has already been the subject of litigation in the Kentucky state courts. See George v. United Ky. Bank, Inc., 753 F.2d 50, 52 (6th Cir.), cert. denied, 474 U.S. 821 and 475 U.S. 1018 (1985).
 
 
 6
 Accordingly, the motion for counsel is hereby denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation