74 F.3d 1240
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EMPLOYERS INSURANCE OF WAUSAU, Wausau Insurance Companies,
Plaintiff-Appellant,
v.
Charles NAPIER and Saundra Dean Napier, by her husband and
next friend, Charles Napier, Defendants-Appellees.
 No. 94-5557.
 United States Court of Appeals, Sixth Circuit.
 Jan. 2, 1996.
 
 Before: KEITH, JONES and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Employers Insurance of Wausau ("EIW") appeals the district court's grant of Defendants' motion to dismiss. For the reasons stated herein, we affirm the district court's dismissal of this case on the grounds of res judicata.
 
 I.
 
 2
 Saundra Dean Napier suffered brain damage while undergoing medical treatment at the University of Kentucky. EIW, Mrs. Napier's medical insurance company, paid some of her medical bills. As a result of alleged improper treatment, on January 21, 1992, the Defendants Charles and Saundra Napier filed a medical negligence and loss of consortium action in the Fayette Circuit Court against the University of Kentucky and various other defendants involved in Mrs. Napier's care. The Napiers named EIW in the complaint as an entity known to have potential subrogation rights and notified EIW of the suit on January 27, 1992.
 
 
 3
 On August 12, 1993, the Napiers and the various defendants commenced settlement negotiations, resulting in an oral agreement. EIW filed a motion to intervene on August 20, 1993. On August 27, 1993, the Fayette Circuit Court heard the motion and denied intervention based in part on the assertions of the respective parties concerning the oral settlement agreement, and in part on the untimeliness of the motion.[1] The court denied EIW's motion to reconsider on September 10, 1993. In accordance with the settlement, the Napiers' action was dismissed with prejudice on October 6, 1993, after they were paid and signed appropriate releases for all defendants.
 
 
 4
 EIW appealed the Fayette Circuit Court's denial of its motion to intervene to the Kentucky Court of Appeals. The appellate court affirmed the order of the Fayette Circuit Court, holding EIW relinquished any claim of right because its attempt to intervene was not timely and occurred after settlement. The court denied EIW's motion for reconsideration on March 31, 1995. EIW then filed a Motion for Discretionary Review with the Supreme Court of Kentucky. The Court denied the motion on August 16, 1995. As the Kentucky Supreme Court has declined to hear the appeal, EIW has exhausted all avenues of relief in the Kentucky courts, which have consistently repudiated EIW's rights to intervention or subrogation.
 
 
 5
 On January 5, 1994, while the appeals concerning intervention and subrogation were pending in the Kentucky courts, EIW filed this suit against the Napiers in the U.S. District Court for the Eastern District of Kentucky alleging breach of contract. The District Court dismissed the case on the grounds of res judicata, based on the above described events, on March 24, 1994.
 
 II.
 
 6
 The only issue before this court is whether the district court properly dismissed EIW's complaint on the grounds of res judicata. The doctrine of res judicata provides that a final judgment on the merits bars all claims based upon the same grievance by the parties or their privies. Montana v. United States, 440 U.S. 147, 153 (1979). Just as federal courts are bound by related actions in their sister jurisdictions, a federal court also must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered. See 28 U.S.C. Sec. 1738; see also George v. United Kentucky Bank, Inc., 753 F.2d 50, 52 (6th Cir.), cert. denied, 471 U.S. 1018 (1985). In Kentucky, the doctrine of res judicata is applicable when there is: (1) a final judgment on the merits; (2) a decision rendered by a court of competent jurisdiction; (3) identical parties or privies in both suits; and (4) the same cause of action in both suits. City of Louisville v. Louisville Prof. Fire Fighters Ass'n, Local 345, 813 S.W.2d 804, 806 (Ky.1991).
 
 
 7
 The Plaintiff maintains that its complaint in the district court is not barred under res judicata because the same parties are not involved and because the complaint does not consist of the same cause of action that was at issue in the Kentucky courts. There is no dispute concerning the competency of the court or the finality of the judgment.
 
 
 8
 Contrary to EIW's assertions, indeed the same parties are involved. As the district court stated, "[t]he fact that the parties might bear different procedural labels in each action, or that additional claims or parties were also involved in the prior action, is of no moment. In the prior action, the parties to the present action clearly joined the subrogation issue as adversaries in fact." J.A. at 111. In its original and all subsequent motions for intervention, EIW was either the movant or appellant and the Napiers were the respondent or appellees. J.A. at 28, 31, 57. Moreover, EIW is the plaintiff (movant) and the Napiers are the defendants (respondents) in this breach of contract action. The issue is not whether EIW was a named party to the Napiers' negligence suit against the University of Kentucky Medical Center and others, but whether EIW's actied against the interest of the Napiers in that negligence case, and whether the Kentucky courts ruled on those actions. Looking at those factors, it is clear that the same parties are involved.
 
 
 9
 EIW further suggests that the complaint filed with the district court for breach of contract is not the same "cause of action" that was involved in the Kentucky courts' determinations relating to subrogation. To support its argument, EIW provides the definition of subrogation as found in Black's Law Dictionary.[2] EIW claims it is not attempting to substitute itself for the Napiers, but it is bringing a different action against them for breach of a contract provision. EIW, however, fails to recognize that its right to any recovery in the Napiers' original action was based on the same contract clause that it now asserts was breached. In its breach of contract complaint, EIW alleges breach of a provision of the contract that reads:
 
 
 10
 Irrespective of any other provision of this plan, if it appears that an insured may have an illness caused by a third party for which the insured may be entitled to recover from that third party, benefits shall be payable under this plan for that illness only on the condition that the insured agrees in writing to:
 
 
 11
 A. Reimburse us to the extent of any benefits paid under this plan for such illness. Reimbursement must be sent to us as soon as payment of any damages is made, whether by legal action, settlement or otherwise, to either the insured, to any other person or organization on behalf of the insured....
 
 
 12
 J.A. at 4, 48. In its motions to intervene, EIW cites the same provision to demonstrate that "by accepting [EIW's] medical benefits, [the Napiers have] agreed to repay [EIW] ... any and all sums advanced from any Judgment or settlement." J.A. at 34. EIW's use of the same contract provision as a basis for its different claims clearly indicates the same cause of action is involved.
 
 
 13
 The Kentucky courts' decisions on intervention consistently rejected EIW's claim of recovery for subrogation. The courts not only prohibited EIW from intervening, but in doing so they also specifically stated that EIW's right of claim, based on the foregoing provision, was waived. At the initial hearing on the request to intervene, the Fayette Circuit Court Judge stated, "I'll make a finding at this point in time, that ... [EIW] did not act timely. They've waived any claim that they may have had...." J.A. at 96. Subsequently, in denying the motion to reconsider intervention, the court ruled that a settlement had been reached and that EIW failed to timely and properly intervene in the matter precluding them from asserting a claim. J.A. at 106.
 
 
 14
 Furthermore, the Kentucky Court of Appeals upheld the Fayette Circuit Court's decisions and resolved other relevant issues. For example, the appellate court found that EIW's "attempt to intervene was not timely," that "no double dipping occurred," and that "the record reflect[ed] that the parties took [EIW's] payments into consideration in settling the case." Supplement 1 to J.A. at 6. The Supreme Court of Kentucky declined a motion to review the decision of the Court of Appeals. Thus the issue of EIW's rights under the cited contract clause have been resolved by the Kentucky courts' decisions on the "subrogation issue."
 
 
 15
 Plaintiff depends on the Kentucky Supreme Court case of Zurich American Ins. Co. v. Haile, 882 S.W.2d 681 (Ky.1994). That case does not address res judicata. Further, it is cited for the proposition that equitable principles require review if "double dipping" is attempted. The Kentucky Supreme Court has already found that there was no "double dipping" in the case at bar. See Supplement 1 to J.A. at 6. That issue is precluded from further review.
 
 
 16
 Finally, this court, in an unpublished per curiam opinion, provided that when a simple comparison of the pleadings does not sufficiently flush out whether the same claims are at issue, the court will look beyond those pleadings. Mattingly v. Citizens Fidelity Bank and Trust Co., No 86-5192 (6th Cir. September 24, 1987) (unpublished per curiam).
 
 
 17
 Mattingly involved a situation where the plaintiff had related cases in both the federal and state courts. The federal suit was put on hold pending appellate resolution of the related state claims. The state court resolved the claims in favor of the defendant, who subsequently was granted dismissal on res judicata grounds. On appeal, the plaintiff claimed that the state court did not reach the merits of all of the issues before the federal court.
 
 
 18
 This court stated, "[s]ince the federal case was a suit for damages and the state suit was to quash a garnishment it is obvious that this issue cannot be resolved by a simple comparison of the pleadings. Rather, it is necessary to look to the essence of each case and beyond the pleading verbiage." Mattingly, No. 86-5192. After plowing through the verbiage, the court concluded that the Kentucky Court of Appeals clearly had decided the issue.
 
 
 19
 Similarly, in this case, once one goes beyond Plaintiff's argument that its "breach of contract" claim is different from its "subrogation rights," it becomes clear that the underlying issues and factual basis are the same. The verity that the breach of contract claim is the same cause of action as the subrogation claim can be ascertained by examining the Kentucky court's decisions in light of what EIW hopes to achieve through the instant action. In both cases, the Plaintiff seek to have paid to it money that it expended for the care of Mrs. Napier. It has been denied this relief in actions for subrogation in the Kentucky courts. To grant the relief requested in the action in the district court for breach of contract would in effect overrule the Kentucky courts' determinations that EIW's right to this relief has been waived. We decline to take such action.
 
 VI
 
 20
 Based on the foregoing, this court affirms the district court's grant of the Defendants' motion to dismiss on the grounds of res judicata.
 
 
 
 [1]
 EIW had not taken any affirmative steps to protect its subrogation rights between the time it was notified of the suit, January 27, 1992, and the time it moved for intervention on August 20, 1993, after a settlement had been reached. In fact, the only action taken by EIW during the one and one-half year period was to request the Napiers' counsel's representation, which was denied
 
 
 [2]
 Subrogation is "the substitution of one person in the place of another with reference to a lawful claim, demand or right, so that he who is substituted succeeds to the rights of the other in relation to the debt or claim, and its rights, remedies, or securities." EIW's Br. at 7